# EXHIBIT D

**Transcript Excerpt – July 14, 2016 Hearing (Government Statements)**

**Description:**
Excerpt of the hearing transcript from proceedings held July 14, 2016 concerning the forfeiture action involving Plaintiff's shipments.

**Purpose:**
To reflect statements made by government counsel regarding the seized shipments and the resolution of the forfeiture proceedings.

Page 99

THE COURT:  So under Twombly, this is basically a fraud case.

MR. INTRATER:  Right.

THE COURT:  I know it's forfeiture, but it's basically a fraud case, you know, which needs to be pled with a little bit more specificity, so --

MR. INTRATER:  Judge, if there are problems with the Complaint, let us amend it.  Let us fix them, right.

THE COURT:  Okay.  Could --

MR. INTRATER:  If --

THE COURT:  -- you explain why --

MR. INTRATER:  Yes, Judge.

THE COURT:  -- why you abandon some of the allegations in the original and Amended Complaint and now want to -- and have not assert them in the Second Amended Complaint?  For example, what he points out as the half dollars that was completely deleted in the Second Amended Complaint.  I know it's totally wrong and you were told that it was wrong.

MR. INTRATER:  So --

THE COURT:  That's just an example.  They gave me more --

MR. INTRATER:  Sure.

THE COURT:  --  than one, but could you explain?

MR. INTRATER:  So my -- again, being new on the

Page 100

case, I don't have direct knowledge of it, but what I understand now is the reason why it's being deleted is that what we understand now is that nickel -- dimes, quarters and half dollars are all put into one bucket, if you will, and then all weighed, right, in order to come up with the amount that's to be paid.  So if they're all going into one bucket, right, we can't prove that there were a particular number of half dollars, for example, that were -- that comprised any part of a particular shipment.

THE COURT:  So you concede you were factually wrong?

MR. INTRATER:  Yes.

THE COURT:  Okay.

MR. INTRATER:  Yes.

THE COURT:  About that.  I think there were a couple of other examples.

MR. INTRATER:  Yes.

THE COURT:  They gave a whole bunch of examples.

MR. INTRATER:  Yes.  Judge, I mean, you know, string us up, right, but like what are we trying to do?  We're trying to amend the Complaint --

THE COURT:  You're trying to get past the amended -- you're trying to get past the pleadings so that you could go through discovery and your pleadings are problematic and they pointed out that they are problematic and --

MR. INTRATER:  Right.

Page 104

THE COURT: So it makes no difference for me whether I allowed it or not?

MR. INTRATER: Certainly not for 12(b)(6) purposes, Judge, absolutely not. Absolutely not. But, but, if they're -- I'm saying to you now and I'm conceding to the Defense, that some of the individual things that are alleged in the Complaint we don't -- we want to correct.

THE COURT: So you were wrong? You alleged something that -- and then I asked you when did you learn the information you are seeking to add in the Second Amended Complaint and I don't know that you even satisfactorily answered as to when did you learn it because you -- I think I heard you say you knew it all along, you just want to clarify the Complaint.

MR. INTRATER: So a couple of things. For a second time, I admit we were wrong in certain of the allegations in the Complaint. This is starting to feel like an argument with my wife, but we were wrong, okay?

THE COURT: Yes, but these are fraud allegations. These are pretty serious allegations.

MR. INTRATER: No, Judge, absolutely. I'm not trying to make light of it, but the -- but if you look at the overall fraud alleged, even in the absence of the specific allegations that we're looking to correct, really the overall fraud scheme that is properly alleged under Rule 12(b)(6), it